**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSVAL ALVAREZ, | : | |
| | | Civil Action No. 07-5316 (RBK) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| PAUL M. SCHULTZ, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Osval Alvarez
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

Counsel for Respondent
Paul A. Blaine
Assistant U.S. Attorney
Camden Federal Building &
  U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, NJ 08101

**KUGLER**, District Judge

Petitioner Osval Alvarez, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is Warden Paul M. Schultz.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

It appears from a review of the record that Petitioner is not entitled to issuance of the writ.

## I.   BACKGROUND

Petitioner was arrested by Philadelphia police on August 4, 1999, on local narcotics charges.  Two days later, on August 6, 1999, he was released on bond.  On August 19, 1999, he was arrested on Pennsylvania parole violator charges, and he thereafter remained in custody of Pennsylvania authorities.  On November 30, 1999, the local narcotics charges related to the August 4 arrest were dismissed.  However, Petitioner remained in state custody on the Pennsylvania parole violator charge.

While the state parole violator charge remained pending, federal narcotics charges were instituted against Petitioner based upon the same conduct that had led to his August 4 arrest by Philadelphia police.  Petitioner was taken into temporary federal custody on March 24, 2000, pursuant to a writ of habeas corpus ad prosequendum.  See United States v. Alvarez, Criminal Action No. 00-0140 (E.D. Pa.).  Petitioner pleaded guilty to two counts of Distribution of PCP, in violation of 21 U.S.C. § 841(a)(1), and one count of Possession of PCP with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Petitioner was advised during his guilty plea colloquy that his federal sentence would be consecutive to any state sentence to be imposed.  On March 5, 2001, Petitioner was sentenced to a 130-

2

month term of imprisonment on the federal drug charges.  The Judgment of Conviction made no mention of the pending state parole violator charge.  Federal authorities returned Petitioner to the primary custody of state authorities on March 15, 2001.

On June 22, 2001, Petitioner was found to have violated his Pennsylvania parole and was sentenced to serve three to six years for that violation.  Thereafter, Petitioner moved the federal court for correction and clarification of his sentence.  By Order entered March 8, 2002, the motion was denied and the Court reiterated that the federal sentence was to run consecutive to the state parole violator sentence.[2]  (Answer, Ex. 8.)

Petitioner was reparoled by state authorities to a federal detainer on August 12, 2002.  He began serving his federal sentence on that date.  Pennsylvania authorities had given Petitioner credit for the periods from August 19, 1999 through March 24, 2000, (when he was taken into temporary federal custody pursuant to the writ of habeas corpus ad prosequendum), and from March 15, 2001, (when federal authorities returned Petitioner to state custody), through August 12, 2002. Accordingly, the Bureau of Prisons ("BOP") did not give him credit for those time periods on his federal sentence.  However, because state authorities had

---

[2] In connection with that motion, state authorities advised federal authorities that Pennsylvania state law precluded state authorities from running Petitioner's state parole violator sentence concurrently with any other sentence.  (Answer, Ex. 8.)

not given Petitioner credit for the first three days of custody following his August 4, 1999, arrest, or for the period when Petitioner was in temporary federal custody pursuant to the writ of habeas corpus ad prosequendum, federal authorities gave Petitioner credit for that time.

In addition to the credits against his sentence noted above, Petitioner requested of the BOP that it credit against his federal sentence the entirety of the time served on the state parole violator sentence. The BOP construed this request as one for a nunc pro tunc designation of his state places of confinement as places for service of the federal sentence. The BOP wrote to the sentencing court for its position on this request. The sentencing judge responded with a letter referencing the earlier Order denying the request for correction and clarification of the sentence and restating his position that the federal sentence was to be served consecutive to the state sentence. (Answer, Ex. 8.) In addition, the BOP conducted a review of the request that resulted, in September 2007, in denial of the request based upon the sentencing court's position and Petitioner's history of drug offenses dating back to 1991. (Answer, Ex. 9.) Petitioner exhausted his administrative remedies, without change in the result. (Answer, Ex. 10.) This Petition followed.

Here, Petitioner asserts that the BOP has refused to consider his request for a nunc pro tunc designation and, in the alternative, that the BOP has made a "mistake" in failing to grant his request. Respondent has answered that the BOP gave the request fair consideration and that its denial was not an abuse of discretion. Petitioner has not filed a reply. This matter is now ready for disposition.

## II. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

Case 1:07-cv-05316-RBK   Document 7   Filed 07/01/08   Page 6 of 10 PageID: 101

>     (1) as a result of the offense for which the
>     sentence was imposed; or
>
>     (2) as a result of any other charge for which
>     the defendant was arrested after the
>     commission of the offense for which the
>     sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Here, the BOP properly determined that Petitioner's federal sentence commenced on August 12, 2002, and properly refused under § 3585 to credit Petitioner with time during which Petitioner was in the primary custody of state authorities and that had been credited toward his state sentence.[3]

---

[3] The BOP properly credited Petitioner with the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum not because he was in primary federal custody during that time, which he was not, but because that time was not credited to his state sentence. When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the
> [jurisdiction] which first arrested the defendant until
> that jurisdiction relinquishes it priority by, e.g.,
> bail release, dismissal of the state charges, parole
> release, or expiration of the sentence. ... Producing
> a state prisoner under writ of habeas corpus ad
> prosequendum to answer federal charges does not
> relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted). Thus, the state government acquired primary jurisdiction over Petitioner when it arrested him and retained primary custody when it produced Petitioner pursuant to the writ of habeas corpus ad prosequendum.

6

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges.  See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000).  Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so").  Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995).  Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal

sentence to run concurrently to a state sentence that might be imposed in the future.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).[4]  The decision of the BOP is subject to judicial review only for abuse of discretion. Barden, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

---

[4] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

(4) **Inmate Request.**  Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.

(a) In Barden, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
- However, there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

(b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
- a copy of the federal and state J&Cs
- the State sentence data record to include jail credit, and
- any other pertinent information relating to the federal and state sentences.

(c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

> (e) No letter need be written if it is determinated that a concurrent designation is not appropriate. ...

P.S. 5160.05, ¶ 9(b). With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence." P.S. 5160.05, ¶ 7(g).

Here, Petitioner's request for credit was treated as a request for such a nunc pro tunc designation. The BOP properly contacted the sentencing court for its position, which was adverse to Petitioner's request, and properly reviewed Petitioner's criminal history to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system. Petitioner has not identified any material information that was overlooked or discounted. Petitioner has not established any abuse of discretion in the BOP's consideration of his request. Petitioner is not entitled to relief in this matter.

### III. CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: July 1, 2008